UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY T. ADAMS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:17-cv-00221-WTL-MJD |
| CORIZON HEALTHCARE,<br>WEXFORD HEALTH,<br>SAMUEL BRYD Dr., MARTIN Dr.,<br>REED R.N., LUNDY Lt.,<br>IDOC Custody Staff, | ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Denying *In Forma Pauperis* Status,
Screening and Dismissing Certain Defendants and Claims, and
Directing Plaintiff to Show Cause**

Plaintiff Terry T. Adams, Sr., initiated this action on May 15, 2017, pursuant to 42 U.S.C. § 1983. The Court makes the following rulings.

**I. *In Forma Pauperis* Status**

Plaintiff's motion for leave to proceed *in forma pauperis,* dkt. [2], is **denied as presented**. He shall have until **June 19, 2017**, in which renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the six-month period preceding the filing of this action on May 15, 2017. 42 U.S.C. § 1915(a)(2). Otherwise, plaintiff must pay the $400.00 filing fee.

**II. Screening of the Complaint**

A. Legal Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting *Fed. R. Civ. P.* 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (internal quotation omitted)). The complaint "'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the Court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so.

B. Analysis

Plaintiff contends he injured his bicep on August 21, 2015, and that he has seen but not been adequately treated by Nurse Reed, Dr. Martin, and Dr. Samuel Byrd. He contends that despite a severe injury and a surgery recommendation, he has not been scheduled for surgery, his pain has

not been adequately treated, and that these health providers have been deliberately indifferent to his "serious medical situation." He further contends that Lt. Lundy declined to assist him with paperwork to obtain medical care, that Lt. Lundy could have demanded health care for him, and that Lt. Lundy "had no desire to fill our additional forms for anyone."

The complaint, liberally construed, states an **Eighth Amendment claim as to Nurse Reed, Dr. Martin, Dr. Samuel Byrd, and Lt. Lundy, and shall proceed** as directed below. There are no specific allegations made against Corizon Healthcare, Wexford Health, or I.D.O.C. Custody Staff. Section 1983 liability cannot be premised on vicarious liability. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). The claims against Corizon Healthcare, Wexford Health, and I.D.O.C. Custody Staff are **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A(b)(1).[1]

Plaintiff's First Amendment claim **is dismissed for failure to state a claim upon which relief can be granted**. Nothing in plaintiff's complaint invokes any First Amendment issue, and the specific allegations he makes concern deliberate indifference to his medical needs, which are covered by plaintiff's Eighth Amendment deliberate indifference claim. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

If plaintiff believes that additional claims or defendants were alleged in the complaint, but not identified by the Court, he shall have **through June 19, 2017,** in which to identify those claims.

---

[1] The complaint is not completely clear whether "I.D.O.C. Custody Staff" is intended as a separate defendant or is simply Lt. Lundy's position within the Indiana Department of Correction. The Court **dismisses** "I.D.O.C. Custody Staff" to ensure the docket clearly reflects the proper parties. The claim against Lt. Lundy shall proceed as noted.

### III. Summary and Service of Process

Plaintiff's Eighth Amendment claim of deliberate indifference to a serious medical need **shall proceed** against Dr. Samuel Byrd, Nurse Reed, Dr. Martin, and Lt. Lundy. All other defendants are **dismissed**.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c) to issue process by United States mail to Dr. Samuel Byrd, Nurse Reed, Dr. Martin, and Lt. Lundy in the manner specified by *Fed. R. Civ. P.* Rule 4(d). Process shall consist of the complaint filed on May 15, 2017 (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. The clerk shall also send a courtesy copy to attorney Jeb Crandall.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/17/17

Distribution:

Terry T. Adams, Sr.
927648
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Electronic Service to the Following Wabash Valley Correctional Employee:
Lt. Lundy

Dr. Samuel Byrd
c/o Corizon, LLC
9245 North Meridian Street, Suite 120
Indianapolis, IN 46260

Dr. Martin
c/o Corizon, LLC
9245 North Meridian Street, Suite 120
Indianapolis, IN 46260

Nurse Reed
c/o Corizon, LLC
9245 North Meridian Street, Suite 120
Indianapolis, IN 46260


Courtesy copy to:

Jeb Adam Crandall
Bleeke Dillon Crandall Attorneys
8470 Allison Pointe Blvd, Suite 420
Indianapolis, IN 46250