UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY T. ADAMS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:17-cv-00221-WTL-MJD |
| DR. SAMUEL BYRD, DR. MARTIN, REED R.N., LUNDY Lt., | ) ) ) |
| Defendants. | ) |

**Entry Granting Defendant Lt. Lundy's Motion for Summary Judgment, and Lifting Stay of Proceedings**

I. Introduction

Defendant Lt. Robert Lundy filed his motion for summary judgment on July 12, 2017, contending that plaintiff Terry Adams had failed to exhaust his administrative remedies as to him prior to filing this action. Plaintiff did not timely respond to the motion, and on September 12, 2017, the Court directed him to file a response no later than September 29, 2017. Plaintiff's subsequent response did not address Lt. Lundy's factual contentions, and instead attempted to inject other issues and claims into the case. For the reasons explained below, Lt. Lundy's motion will be granted and the claims against him dismissed.

II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P*. 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a

properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting Stokes v. *Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

III. Exhaustion Requirements

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable

procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

## IV. Discussion

Lt. Lundy contends that it is undisputed that plaintiff did not exhaust his administrative remedies as to his alleged actions – declining to assist him with filling out paperwork to obtain medical care. He contends that plaintiff's grievances assert complaints that the medical provider defendants had not allowed him surgery on his injured arm and that his pain medications, Tylenol and ibuprofen, were not working. *See* Dkt. No. 19-4 (Ex. 3 to motion for summary judgment, grievance by plaintiff concerning access to or delay in receiving medical care). Nowhere in plaintiff's grievances does he take issue with Lt. Lundy's alleged inaction of not assisting him with filling out paperwork. Plaintiff has not disputed these contentions and they are therefore admitted.

The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Nothing in plaintiff's grievances could have reasonably alerted prison officials that plaintiff took issue with Lt. Lundy's actions or inactions. When plaintiff's complaint was screened and the claim against Lt. Lundy was permitted to proceed, the claim was described as "Lt. Lundy declined to assist him with paperwork to obtain medical care, that Lt. Lundy could have demanded health care for him, and that Lt. Lundy 'had no desire to fill our additional forms for anyone.'" See Dkt. No. 4 (screening Entry of May 17, 2017). The grievances have nothing that would alert officials to these issues, as the grievances focus entirely on the issue of surgery. Thus plaintiff did not exhaust his available administrative remedies concerning his claim against Lt. Lundy, and the PLRA therefore bars the action against Lt. Lundy.

V. Conclusion and Lifting of Stay

Lt. Lundy's motion for summary judgment, Dkt. No. 18, is **granted**. No partial final judgment shall issue at this time. Because no other motions remain concerning the affirmative defense of failure to exhaust administrative remedies, the stay of proceedings entered September 14, 2017, *see* Dkt. No. 40, is lifted. A pretrial schedule will follow by separate entry.

**IT IS SO ORDERED**.

Date: 12/13/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Terry T. Adams, Sr.
927648
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only